UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LONNIE WILLIAMS,

    Plaintiff,

v.                                         Case No. 2:06-cv-124
                                         HON. ROBERT HOLMES BELL

UNKNOWN SHARRETT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Lonnie Williams, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officers Unknown Sharrett and Unknown Ballenbach, both of whom were employed at the Alger Maximum Correctional Facility (LMF) during the pertinent time period.

        Plaintiff's complaint alleges that on April 24, 2004, while he was residing at LMF, he was placed in the Aspen Unit shower by Defendants Sharrett and Ballenbach. Plaintiff states that prior to being taken to the shower, he was patted down and placed in handcuffs. When Plaintiff reached the shower, he saw inmate Pomerico, with whom he had previously "had words." Plaintiff contends that inmate Pomerico was someone who was known by Defendants to throw bodily fluids on other inmates. Plaintiff observed Pomerico reach into his pocket and pull out something. At this point, Defendant Ballenbach opened the shower door while Pomerico was still uncuffed and Pomerico threw feces on Plaintiff. Plaintiff states that because of Pomerico's history, he should have been searched before he was allowed to exit his cell.

Plaintiff alleges that he complained to Sergeant Murray about the situation, who told Plaintiff not to make prison officials have to slam him on the floor. Sergeant Murray also asked Plaintiff how he knew that Defendants had set him up to be assaulted. Plaintiff filed a grievance and appealed the denial to step III, to no avail.

Plaintiff claims that Defendants' failure to protect him from this assault violated his rights under the Eighth Amendment to the United States Constitution. Plaintiff is seeking compensatory and punitive damages.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

*See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

As noted above, Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that Defendants acted with "deliberate indifference" to a substantial risk that inmate Pomerico would cause Plaintiff serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). In order to demonstrate deliberate indifference, Plaintiff must present evidence from which a trier of fact could conclude that Defendants were subjectively aware of the risk and disregarded that risk by failing to take reasonable measures to abate it. *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

In their brief in support of the motion for summary judgment (docket #16), Defendants state that at the time of the alleged incident, Defendants were partners in the "showering process." Defendants attach affidavits as exhibits to the brief. Defendants attest that they knew that Plaintiff yelled and screamed at the other prisoners on the wing, but that is a common behavior in

- 3 -

segregation units. Defendants were not aware of any threat by inmate Pomerico to assault Plaintiff. Defendants attest that prisoners are not allowed to wear pants to the shower stall, so that Pomerico could not have reached into his pocket as alleged by Plaintiff and that inmate Pomerico was not under any sort of restriction which would have required him to be strip searched prior to being taken to the shower. Defendants state that as soon as the shower door was secured on Plaintiff, he began yelling at them and inmate Pomerico threw feces on him through the inside fencing. Defendants assert that inmate Pomerico was then ordered to come to the shower door and was restrained. At this time, inmate Pomerico was escorted from the shower stall and taken back to his cell.

Defendants attest that they then returned to the shower stall and attempted to remove Plaintiff's restraints, so that he could shower off the feces. However, Plaintiff refused and requested to be taken to his cell. Defendants again attempted to reason with Plaintiff, but he yelled that Defendants had allowed him to be assaulted and that they could both look at him covered in feces. Defendants then removed Plaintiff from the shower still covered in feces and took him back to his cell. Plaintiff stood at his cell door for several hours without washing the feces off. Defendants deny ever threatening to slam Plaintiff on the floor. Moreover, Defendant Ballenbach attests that he conducted a shakedown of inmate Pomerico before taking him to the shower. Inmate Pomerico was given a misconduct ticket and was found guilty of the assault on Plaintiff.

In response to Defendants' brief, Plaintiff offers his affidavit in which he attests that Aspen Housing Unit rules allow prisoners to wear either their underwear, boxer shorts, pajama pants or orange shorts with a pocket on the inside to the showers. Plaintiff states that on April 24, 2004, inmate Pomerico was allowed to wear his orange shorts without being pat searched. Plaintiff contends that inmate Pomerico is a known to throw bodily fluids on other prisoners when they are placed next to him in the shower or yard modules. Plaintiff claims that Defendants intentionally and

- 4 -

knowingly opened inmate Pomerico's shower module without placing him in handcuffs first. Plaintiff attests that the Aspen Unit camera in the shower area will corroborate his version of the events, including the fact that inmate Pomerico was not pat searched or placed in handcuffs before being removed from the shower module.

As noted above, Defendants claim that they were not aware of any specific threat made by inmate Pomerico against Plaintiff and attest that inmate Pomerico was patted down prior to being taken to the shower area from his cell.  Defendants indicate that there was no restriction requiring inmate Pomerico to be strip searched and that they had no knowledge of any danger of an assault.  Given the fact that Defendants patted inmate Pomerico down prior to taking him to the shower, it appears that their conduct was at most negligent.  Consequently, the undersigned concludes that there is no genuine issue of material fact regarding whether Defendants were subjectively aware of the risk that inmate Pomerico would assault Plaintiff on the date in question. Accordingly, Defendants are entitled to summary judgment.

Moreover, as noted above, Plaintiff is seeking compensatory and punitive damages for the alleged failure to protect him.  Section § 1997e(e) provides as follows:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.* The Sixth Circuit repeatedly has held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury.  *See, e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June

7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). The Second and Fifth Circuits also have found that § 1997e(e) applies to constitutional claims. *See Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

The undersigned notes that because Plaintiff's injuries are either mental or emotional, he cannot meet the physical injury requirement of 42 U.S.C. § 1997e(e). Plaintiff appears to have suffered only humiliation and degradation, and he has not claimed that he was physically injured in any way. The Sixth Circuit has not directly addressed whether a distinction should be made for claim of compensatory or punitive damages, or whether claims for nominal or punitive damages are precluded. Regarding claims for nominal and punitive damages, the majority position is that they are not precluded by § 1997e(e). *See Thompson*, 284 F.3d at 418 (collecting decisions of the Second, Third, Seventh, Tenth Circuits but noting that the Eleventh Circuit has found that a claim for compensatory and punitive damages was precluded). Specifically, the Northern District of Illinois found that § 1997e(e) did not preclude nominal damages for an inmate bringing an Eighth Amendment claim that he had suffered a harassing strip search. *Hollimon v. Detella*, No. 96 C 3452, 1999 WL 592156, at *5 (N.D. Ill. Aug, 2, 1999). Other circuit courts have unanimously found that requests for declaratory and injunctive relief are not precluded by § 1997e(e). *See Thompson*, 248 F.3d at 418 (collecting decisions of the Second, Fifth, Seventh, Tenth, and Eleventh Circuits). In light of these authorities, the undersigned recommends that Plaintiff's claims compensatory damages are barred by § 1997e(e), but that his claims for punitive damages are not.

Finally, Defendants claim that they are entitled to qualified immunity because their conduct does not violate clearly established statutory or constitutional rights. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

As noted above, there does not appear to be a genuine issue of material fact with regard to whether Defendants' conduct violated Plaintiff's Eighth Amendment rights. Therefore, the undersigned concludes that they are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #15) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007